**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LORI ROSS and | ) | |
| JACKSON ROSS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-1293-SLP |
| | ) | |
| JETSON ELECTRIC BIKES, LLC; | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| a Delaware Limited Partnership, d/b/a | ) | |
| WALMART; and JIANGSU GOPAL | ) | |
| INTELLIGENT TECHNOLOGY CO., LTD., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiffs' Notice of Update On Service of Defendant Jiangsu Gopal Intelligent Technology Co., Ltd., a Chinese Corporation (Jiangsu) [Doc. No. 15]. Plaintiffs represent that they "are going to discontinue their effort to obtain service over this Defendant." The Court has previously granted Plaintiffs extensions of time to effect service on this foreign corporation. *See* Orders [Doc. Nos. 12 and 14]. Most recently, the Court cautioned Plaintiffs "that they must exercise diligence in effecting service of Defendant Jiangsu pursuant to Fed. R. Civ. P. 4(h)(2)." *Id.*, Doc. No. 14. And the Court further cautioned Plaintiffs that "a failure to demonstrate reasonable diligence may result

in a dismissal without prejudice of Plaintiffs' claims against Defendant Jiangsu." *Id*. Under these circumstances, and based on Plaintiffs' representation that they are going to discontinue efforts to obtain service over Defendant Jiangsu, the Court finds a dismissal without prejudice for failure to effect timely service on Defendant Jiangsu is warranted.[1]

IT IS THEREFORE ORDERED that Defendant Jiangsu Gopal Intelligent Technology Co., Ltd. is DISMISSED WITHOUT PREJUDICE from this action.

IT IS FURTHER ORDERED that this case will be set on the Court's next status conference docket for entry of a scheduling order.

IT IS SO ORDERED this 26th day of June, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] Although the 90-day time limit under Fed. R. Civ. P. 4(m) does not apply to service in a foreign country, "'the amount of time allowed for foreign service is not unlimited.'" *Briseno v. Mktg. & Mgmt. Solutions, LLC*, No. 18-02482-CM-JPO, 2020 WL 618577 at *3 (D. Kan. Feb. 10, 2020) (quoting *Nylock Corp. v. Fastener World, Inc*., 396 F.3d 805, 806 (7th Cir. 2005)). And "[c]ourts have the authority to dismiss a case under Rule 41(b) for lack of prosecution when a plaintiff fails to effect service in a foreign country for a prolonged period." *In re Akbari-Shahmirzadi*, No. 11-15351 T11, 2015 WL 7424305 (Bankr. D.N.M. Nov. 20, 2015) (citing *Bybee v. Podravka Prehrambena Industria D.D*., No. CIV-10-0997 JB/CG, 2011 WL 12290368 at *2 (D.N.M. May 27, 2011)).